UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENT WILLIAMS, | ) | Case No.  1:06CV0122 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | Magistrate Judge George J. Limbert |
| vs. | ) | |
| | ) | |
| BECI, WARDEN,[1] | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

This matter is before the Court on a petition filed pursuant to 28 U.S.C. § 2254 for a writ of federal habeas corpus filed by Kent Williams ("Petitioner").  ECF Dkt. #1.  For the following reasons, the undersigned recommends that this Court DISMISS the instant petition for writ of habeas corpus with prejudice.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was indicted by the May, 2003 Term of the Cuyahoga County, Ohio Grand Jury for one count of Felonious Assault in violation of Ohio Revised Code § 2903.11 with a peace officer specification.  ECF Dkt. #13, Attachment 1.  Petitioner pled not guilty to the charge in the indictment and Attorney Greg Patterson was appointed as his counsel. ECF Dkt. #13,

---

[1] As noted by Respondent, the proper party is Michele Eberlin, the Warden of Belmont Correctional Institution ("BECI").  ECF Dkt. #13.

Attachment 1.  The case proceeded to a jury trial where Petitioner, represented by Attorney Tom Wagner, was found guilty as charged.  ECF Dkt. #13, Attachment 1.  On July 28, 2003, Petitioner was sentenced to three years incarceration.[2]  ECF Dkt. #13, Attachment 1.

On September 5, 2003, Petitioner, through new counsel, filed an untimely notice of appeal in the Eighth District Court of Appeals.  ECF Dkt. #13, Attachment 1.  The appellate court sua sponte dismissed the appeal as untimely.  ECF Dkt. #13, Attachment 1 at 19.  Petitioner filed a motion in application for reconsideration and motion for leave to file a delayed appeal. ECF Dkt. #13, Attachment 1 at 20.  The court granted Petitioner's motion.  ECF Dkt. #13, Attachment 1 at 21.  On January 16, 2004, Petitioner filed his brief and presented the following five assignments of error:

1.  DEFENDANT WAS DENIED A FAIR AND JUST TRIAL GUARANTEED BY THE DUE PROCESS PROVISIONS OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHERE THE VERDICT WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.

2.  DEFENDANT'S RIGHT TO DUE PROCESS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHERE THE VERDICT WAS NOT SUPPORTED BY THE SUFFICIENT EVIDENCE.

3.  DEFENDANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES

---

[2] Since the filing of the instant Petition, Petitioner has been released from BECI and is currently on post release control.  ECF Dkt. #13, n. 2.  Be that as it may, "as long as jurisdiction properly attached in the district court, 'it is not defeated by the release of the petitioner prior to completion of proceedings on such application.'"  *Eusch v. Lee*,  690 F. Supp. 773, 774 (E.D. Wis. 1988) (quoting *Cafafas v. LaVallee,* 391 U.S. 234, 238 (1968)).  Here, Petitioner filed his petition while still incarcerated at BECI and so his subsequent release on parole does not defeat federal jurisdiction.  *See Cafafas*, 391 U.S. at 238; *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989).  According to the Docket, it appears that Petitioner has failed to inform the Court of his current address.  *See ECF Dkt. #s 7, 11, 12.*

CONSTITUTION WHEN HE WAS INCARCERATED FOR SEVERAL MONTHS WITHOUT THE BENEFIT OF COUNSEL SO THAT ASSIGNED INDIGENT COUNSEL ONLY HAD TEN DAYS PRIOR TO TRIAL TO PREPARE, DEPRIVING HIM AN OPPORTUNITY TO OBJECT OR RAISE ISSUES ON A TIMELY BASIS AT PRE-TRIAL OR TRIAL, DENYING HIM AN OPPORTUNITY TO EFFECTIVELY ASSIST WITH THE PREPARATION FOR TRIAL, AND WAIVE ALL ISSUES NOT OBJECTED TO WHICH ARE NOT PLAIN ERROR.

4.      THE COURT PERMITTED PLAIN ERROR WHEN IT: ORDERED CONTINUED DELIBERATIONS AFTER A VERDICT WHICH WAS NOT UNANIMOUS WHICH WORKED TO DEFENDANT'S ACTUAL AND SUBSTANTIAL DISADVANTAGE, INFECTING THE TRIAL WITH ERROR OF CONSTITUTIONAL DIMENSIONS.

5.      PROSECUTORIAL MISCONDUCT WAS SUCH THAT PLAIN ERROR OCCURRED WHEN HE REPEATEDLY GAVE HIS OPINION AS TO WHETHER ANOTHER WITNESS IS BEING TRUTHFUL SO THAT HIS OPINION ACTED AS A LITMUS TEST OF THE KEY ISSUE OF CREDIBILITY AND INFRINGED UPON THE ROLE OF THE FACT FINDER WHO IS CHARGED WITH MAKING DETERMINATIONS OF VERACITY AND CREDIBILITY, WHERE THE JURORS COULD HAVE VIEWED PROSECUTOR AS AN EXPERT WHEN GIVING SUCH OPINIONS BASED ON HIS PREVIOUS EXPERIENCE WITH OTHER CASES.

ECF Dkt. #13, Attachment 2 at 4; Attachments 2-4.  On April 12, 2004, the State filed its brief.

ECF Dkt. #13, Attachment 5.  On November 1, 2004, the appellate court issued an opinion and

journal entry overruling each assignment of error and affirming the judgment of the trial court.

ECF Dkt. #13, Attachment 5.

Petitioner timely appealed to the Ohio Supreme Court. ECF Dkt. #13, Attachment 6.  In

his brief, he presented the following propositions of law:

1.      APPELLANT WAS DENIED A FAIR AND JUST TRIAL GUARANTEED BY THE DUE PROCESS PROVISIONS OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THE JURY VERDICT WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.

2.      APPELLANT'S RIGHTS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED AND APPELLANT WAS DENIED A RULE 29 ACQUITTAL WHEN HIS CONVICTIONS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE.

3.      APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN HE WAS INCARCERATED FOR SEVERAL MONTHS WITHOUT THE BENEFIT OF COUNSEL SO THAT ASSIGNED INDIGENT COUNSEL ONLY HAD TEN DAYS PRIOR TO TRIAL TO PREPARE, DEPRIVING HIM THE OPPORTUNITY TO OBJECT OR RAISE ISSUES ON A TIMELY BASIS AT PRE-TRIAL OR TRIAL, DENYING HIM AN OPPORTUNITY TO EFFECTIVELY ASSIST WITH THE PREPARATION FOR TRIAL, AND WAIVE ALL ISSUES NOT OBJECTED TO WHICH ARE NOT PLAIN ERROR.

4.      THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT ORDERED CONTINUED DELIBERATIONS AFTER A VERDICT WHICH WORKED TO APPELLANT'S ACTUAL AND SUBSTANTIAL DISADVANTAGE, INFECTING THE TRIAL WITH ERROR OF CONSTITUTIONAL DIMENSIONS.

5.      PROSECUTOR MISCONDUCT OCCURRED WHEN HE REPEATEDLY GAVE HIS OPINION AS TO WHETHER ANOTHER WITNESS IS BEING TRUTHFUL SO THAT HIS OPINION ACTED AS A LITMUS TEST OF THE KEY ISSUE OF CREDIBILITY AND INFRINGED UPON THE ROLE OF THE FACT FINDER WHO IS CHARGED WITH MAKING DETERMINATIONS OF VERACITY AND CREDIBILITY WHERE THE JURORS COULD HAVE VIEWED PROSECUTOR AS AN EXPERT WHEN GIVING SUCH OPINIONS BASED ON HIS PREVIOUS EXPERIENCE WITH OTHER CASES.

ECF Dkt. #13, Attachment 6.  The State did not respond. On March 23, 2005, the Ohio Supreme Court denied leave to appeal based upon the jurisdictional memoranda and dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #13, Attachment 6.

In the meantime, Petitioner filed a pro se motion for leave to file a delayed appeal and notice of appeal in the Cuyahoga County Court of Common Pleas from the July 28, 2003,

-4-

sentencing order wherein he again raised ineffective assistance of trial counsel. ECF Dkt. #13,

Attachment 7.  On April 14, 2004, the court sua sponte dismissed the appeal as being a duplicate

appeal.  ECF Dkt. #13, Attachment 7.  Additionally, the court denied leave to file a delayed

appeal.  ECF Dkt. #13, Attachment 7.

On January 18, 2006, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  ECF Dkt. #1.  He asserts the following four grounds for relief:

> GROUND ONE: THE OFFICER'S STATE[MENT] SAID HE TOOK A KNIFE FROM ME, A LIE BECAUSE OFFICER SLATKORSKY SAID AT THE TRIAL IN COMMON PLEAS COURT THAT I HAD NO KNIFE ON ME. BUT AT THE PRELIMINARY HE STATED I HAD ONE. SO OFFICER SLATKORSKY [PERJURED] HIS OWN TESTIMONY UNDER OATH. THE OTHER OFFICER TESTIFIED THAT I HAD NO KNIFE. OFFICER COX STATED. ALSO OFFICER COX WAS NOT AT THE TRIAL OF [MINE] TO BE QUESTION[ED] BY MY ATTORNEY.

> GROUND TWO: PROSECUTOR FAILED AS TO DISCLOSE EVIDENCE. ATTORNEY GREG PATTERSON NEVER SHOWED AT ALL AT MY CASE NOR TRIAL THE COURTS THEN APPOINTED ME ATTORNEY THOMAS WAGNER [TO] WHOM [I] NEVER HAD TIME TO PRESENT MY CASE IN MY TRIAL COURT CASE [THEREFORE] I WAS [DENIED] TWICE OF EFFECTIVE COUNSELING IN MY CONSTITUTIONAL AND CIVIL RIGHTS.

> GROUND THREE: [INEFFECTIVE] COUNSELING EACH TIME THE ATTORNEY THOMAS WAGNER CAME TO SEE ME HE NEVER TOOK TIME TO LET ME EXPLAIN MY CASE AND NEVER CROSSED [EXAMINED] ANY MEANS OF [WITNESS] POLICE OFFICER [INCLUDED]. ALSO I FILED MOTIONS OF DISCOVER[Y] AND MOTIONS TO SUP[P]RESS AND HE NEVER FILED THEM. ALSO ATTORNEY THOMAS WAGNER REFUSE[D] TO GIVE ME MY TRANSCRIPT.

> GROUND FOUR: ATTORNEY GREG PATTERSON WAS ASSIGNED TO ME AND NEVER SHOWED UP TO HEAR MY CASE. IN ORDER TO PROTECT MY RIGHTS BY LAW OF MY CONSTITUTIONAL RIGHTS THE ERRORS AND PRELIMINARY ALONG WITH THE [ATTORNEYS] ALL THREE TOOK PART IN [INEFFECTIVE] AND MISREPRESENTATION OF MY RIGHTS. ERRORS AND DENIAL OF ALL SAID FACTS AT THE [BEGINNING] AND AT THE END OF THIS CASE.

*Id.* at 4-5.  On May 26, 2006, Respondent filed a return of writ.  ECF Dkt. #13.

## II.  STANDARD OF REVIEW

Since Petitioner filed his habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), standards apply.  *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

### A.  Procedural Barriers to Review

Before a reviewing court will review the merits of a federal petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles.  Namely, a habeas petitioner must surmount the barriers of time limitation, exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004).  The exhaustion requirement is satisfied  "once the federal claim has been fairly presented to the state courts."  *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was

-6-

convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993) (quotation omitted).

Unless an exception applies, a petition must be dismissed for lack of exhaustion if it contains at least one issue which was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because of the petitioner's noncompliance with a state procedural

requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman*, 501 U.S. at 730. However, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *See Coleman*, 501 U.S. at 735.

A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 751 (1991).  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims,

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F.Supp.2d 698, 722 (N.D. Ohio, 2004).  The above standards apply to the Court's review of Petitioner's claims.

**B.**     **Standard of Review for Merits of a Claim**

When a habeas petitioner overcomes the aforementioned procedural obstacles, the

AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas

corpus.  The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim --
>
>> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable
>> application of*, clearly established Federal law, as determined by the Supreme
>> Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of
>> the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, federal courts may only grant the petitioner's writ if the

state court's decision contradicts Supreme Court precedent on a question of law or if, in a case

with facts materially indistinguishable from a Supreme Court case previously decided, the state

court reaches an outcome different from that required by the Supreme Court's decision.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  The "unreasonable application" clause permits

a federal court to grant habeas relief only if the state court applies a correct legal principle to the

facts of the case in an objectively unreasonable manner.  *Id*. at 411.  The Supreme Court has

cautioned that a "federal habeas court may not issue the writ simply because that court concludes

in its independent judgment that the relevant state-court decision applied clearly established law

erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.; see also*

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

-9-

**III.**    **ANALYSIS**

Respondent argues that Petitioner has procedurally defaulted most of his grounds for relief and the remainder are meritless.  ECF Dkt. #13.  Noting that the findings of fact of the state court are presumed to be correct and Petitioner has the burden of overcoming that presumption by clear and convincing evidence, *Bailey,* 271 F.3d at 655-56, the undersigned will address each ground for relief in turn.

**A.**    **Petitioner's First and Third Grounds for Relief**

Respondent argues that the First and Third grounds for relief, based on alleged witness behavior and ineffective assistance of counsel, have been procedurally defaulted.  The undersigned agrees.  Apart from the claim that his attorney did not provide him a copy of the transcript, Petitioner failed to raise the remaining claims in Grounds for Relief one and three in the state court on direct appeal.[3]

The AEDPA, in concert with the Supreme Court, requires that a state prisoner exhaust his state remedies before bringing his claim in a federal habeas corpus proceeding. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509 (1982).  The exhaustion requirement is satisfied  "once the federal claim has been fairly presented to the state courts."  *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v.*

---

[3] The undersigned will address Petitioner's claim of ineffective assistance of counsel because of counsel's failure to provide him with a transcript in the next section.  *See* Part B, *infra.*

-10-

*Alexander*, 912 F.2d 878, 881 (6th Cir. 1990); *see also O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

Petitioner failed to present his first ground for relief, in which he asserts that a police officer perjured himself at trial by stating under oath that Petitioner had a knife on his person and then changed his testimony at trial, and that the other police officer involved did not appear for trial, before any of the Ohio courts. Also, Petitioner failed to present the claims in his third ground for relief, in which he asserts that he received ineffective assistance of trial counsel because his second attorney failed to listen to his story, failed to cross examine witnesses and failed to file the motions that Petitioner requested, before any of the state courts.

When a petitioner fails to present a claim in state court, this Court may procedurally default that claim because the Ohio state courts would no longer entertain the claim. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). "The Ohio Supreme Court has stated that it will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals." *Fornash v. Marshall*, 686 F.2d 1179, 1185 n. 7 (6th Cir.1982) (citing *State v. Phillips*, 272 N.E.2d 347, 352 (Ohio 1971)). Thus, where the petitioner has failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim and a return to state court would be futile. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (quoting *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001)); *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001) (finding that a habeas court need not wait for exhaustion if it determines that a return to state court would be futile). In order for a federal habeas corpus petitioner to obtain a merits review of the procedurally defaulted claim by this Court, the petitioner must demonstrate cause and prejudice to excuse his failure to raise the claim

in state court, or show that a miscarriage of justice would occur were the habeas court to refuse to address the claim on its merits. *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

Here, because Petitioner failed to raise these claims in the Ohio state courts, the Ohio Supreme Court would not now review them. Therefore, Petitioner cannot meet this Court's exhaustion requirement because the Ohio Supreme Court was not given the opportunity to review these claims. In addition, Petitioner presents no cause and prejudice to excuse his failure to raise these claims in state court and he does not show a resulting miscarriage of justice. Therefore, the undersigned recommends that the Court dismiss Grounds for Relief One and Three from the instant federal habeas corpus petition as unexhausted and procedurally defaulted.

**B.       Petitioner's Second and Fourth Grounds for Relief**

In his Second and Fourth Grounds for Relief, Petitioner asserts various grounds for ineffective assistance of counsel as well as prosecutorial misconduct. ECF Dkt. #1.

The first claim in Ground for Relief Two regarding prosecutorial misconduct was never presented to the state courts. As stated above, where the petitioner has failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim and a return to state court would be futile. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (quoting *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001)); *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001) (finding that a habeas court need not wait for exhaustion if it determines that a return to state court would be futile).

Petitioner specifically argues that the prosecutor failed to disclose relevant evidence. ECF Dkt. #1. However, Petitioner fails to explain if this evidence de hors the record and so a

-12-

state application for Post-conviction Relief ("PCR") might be available.  Even if it would qualify for PCR, Petitioner did not file a timely application for PCR, and so he would have to show that he was "unavoidably prevented from discovery" of the error and that but for the constitutional error, no reasonable fact finder would have convicted him in the state court.  *See* O.R.C. §§ 2953.21, 2953.23.  Petitioner gives no indication that he could make that showing.  Moreover, Petitioner presents no support for his allegations apart from the bare assertions of misconduct. Therefore, the undersigned recommends that the Court find this is not an appropriate case to stay since this claim is plainly meritless.  *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535 (2005) (explaining that, "a stay and abeyance ... is never appropriate where the "unexhausted claims are plainly meritless.").  Further, the undersigned recommends that the Court find this claim has been procedurally defaulted.

As to the remaining claims of ineffective assistance of counsel on the grounds that his first court appointed attorney never appeared for trial and his second attorney did not have time to adequately prepare for trial contained in Ground for Relief Two, the duplicative claim of ineffective assistance of counsel on the ground that his first court appointed attorney did not appear to defend him at trial contained in Ground for Relief Four, and the claim that he received ineffective assistance of counsel because his attorney failed to give Petitioner a copy of the transcript contained in Ground for Relief Three, were all addressed by the state appellate court. ECF Dkt. #13, Attachment 5 at 11-26.

The standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), govern ineffective assistance of counsel claims.  The *Strickland* standard requires a defendant to show

-13-

that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. *Id*. at 688, 694.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Id.* at 689.

Since a claim of ineffective assistance of counsel presents a mixed question of fact and law, the "unreasonable application" prong of 28 U.S.C. § 2254(d)(1) applies. *Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003), *cert. denied*, 2004 U.S. LEXIS 896 (Jan. 26, 2004).  Thus, in order to succeed on an ineffective assistance of counsel claim, Petitioner must demonstrate that the state courts applied the *Strickland* standard in an objectively *unreasonable* manner, which is more than just erroneously or incorrectly. *Williams v. Taylor*, 529 U.S. 362, 411 (2000) (emphasis added); *see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

The Appeals Court set forth the *Strickland* standard and then found that Petitioner failed to show how the outcome of the trial would have been different had trial counsel's alleged errors not taken place.  ECF Dkt. #13, Attachment 5 at 17-21.  As to the claim that Petitioner received ineffective assistance of counsel because his original court-appointed attorney was replaced by another appointed attorney ten days before trial, the Appeals Court reviewed the transcript and found that trial counsel fully participated in all of the proceedings relative to Petitioner's case and nothing in the record indicated that Petitioner's case suffered from unreasonable or dilatory trial tactics. *Id.* at 18.  The Court further found that the failure of counsel to file a motion to compel the production of the transcript of the preliminary hearing was a "judgment call." *Id.* The Appeals Court reasoned that Petitioner could not "merely second guess legal strategy

-14-

without providing evidence of how his trial may have been different but for these supposed errors." *Id.*

Trial counsel's tactical decisions are particularly difficult to challenge when claiming ineffective assistance of counsel. *See McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). Accordingly, Petitioner must "overcome a presumption that the challenged action might be considered sound trial strategy." *Id.* Petitioner has failed to do so. Petitioner has failed to show that his trial "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. It is not the role of the Court to second guess counsel's assistance after conviction. *Strickland*, 466 U.S. at 689. Moreover, judicial scrutiny of counsel's performance must be highly deferential; indeed, the court must presume that the challenged action is sound trial strategy. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). Petitioner offers no evidence, beyond the naked assertion of incompetency, that counsel's representation falls below an objective standard of reasonableness. Further, Petitioner does not demonstrate what prejudice, if any, he suffered due to the replacement of his originally appointed counsel with a second court appointed attorney or from counsel's failure to demand a copy of the transcript from the preliminary hearing. Accordingly, the undersigned finds nothing objectively unreasonable about the Ohio courts application of *Strickland* in this instance. Accordingly, the undersigned recommends that the Court DENY Petitioner's Second and Fourth ground for relief.

**IV.** **CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner's four grounds for relief are not well taken.  Accordingly, the undersigned recommends that the Court DISMISS Petitioner's instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 with prejudice.  ECF Dkt. #1.

Date:    March 5, 2007                              */s/George J. Limbert*
                                                    George J. Limbert
                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-16-